UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MASAIL E. ELIZALDE<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL,<br><br>    Defendant. | Case No. 3:16-CV-04208-LB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: ECF Nos. 23 & 24 |

## INTRODUCTION

Masail Elizalde moves for summary judgment, seeking judicial review of a final decision by the Commissioner of the Social Security Administration ("Commissioner") denying him disability benefits under Title II of the Social Security Act.[1] Under Civil Local Rule 16-5, the matter is deemed submitted for decision by this court without oral argument. All parties have consented to magistrate jurisdiction.[2] The court grants the Mr. Elizalde's motion, denies the Commissioner's cross-motion, and remands for an award of benefits.

---

[1] Motion for Summary Judgment – ECF No. 23 at 1. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Consent Forms – ECF Nos. 7, 9.

ORDER — No. 16-cv-04208-LB

**STATEMENT**

Masail E. Elizadle is a 46 year-old[3] former entertainer who filed concurrent disability claims under Title II and Title XVI Social Security Act in February 2007.[4] The Commissioner denied his Title II claim, but granted his Title XVI claim.[5] In February 2011, Mr. Elizalde again applied for Title II disability benefits, alleging an onset date of April 1, 2002.[6] The Commissioner again denied his Title II claim, both initially and upon reconsideration, finding that there was "insufficient" medical evidence to establish his eligibility for benefits as of December 31, 2004, his "date last insured."[7] Mr. Elizalde appealed from the Commissioner's determination to an Administrative Law Judge ("ALJ"), who held a hearing and issued an unfavorable decision on September 14, 2012.[8] Mr. Elizalde filed an unsuccessful appeal with the Appeals Council and timely appealed to this court.[9] *Elizalde v. Colvin*, No. C 14-0992 LB, 2015 WL 1927512 (N.D. Cal. Apr. 28, 2015) ("*Elizalde I*").

In *Elizalde I,* the court found that the ALJ had erred by failing to provide clear and convincing reasons supported by substantial evidence for finding that Mr. Elizalde's testimony was "not credible;" the court thus granted in part Mr. Elizalde's motion for summary judgment. 2015 WL 1927512, at *18–19. The court declined to remand for an immediate award of benefits because there was an unresolved issue about the effect of Mr. Elizalde's methamphetamine use during the relevant period. *Id*. at *19. The court thus remanded the case for "further proceedings consistent with this order." *Id*.

On remand, the Appeals Council remanded the case to the ALJ "for further proceedings consistent with the order of the [district] court."[10] On remand, a new ALJ, K. Kwon, held a

---

[3] *See* Administrative Record ("AR") 36.
[4] AR 80–81.
[5] *See* AR 84.
[6] AR 31.
[7] AR 33.
[8] AR 461–76.
[9] *See* AR 1.
[10] AR 456.

ORDER — No. 16-cv-04208-LB    2

hearing on April 26, 2016; Mr. Elizalde testified, as did a medical expert, Dr. Aiken, and a vocational expert, Ms. Young.[11]

On June 27, 2016, ALJ Kwon issued her decision.[12] The ALJ found that while Mr. Elizalde suffered from severe impairments of "PTSD" and "depression," as a result of being "carjacked" in 2002,[13] he retained sufficient residual functional capacity ("RFC") "to perform [a] full range of work at all exertional levels" subject to certain "non-exertional limitations,"[14] and, as such, was not disabled during the relevant period of April 1, 2002 to December 31, 2004.[15] The ALJ observed that Mr. Elizalde's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence in the record."[16] The ALJ also found that Mr. Elizalde's "sporadic use of methamphetamine during 2002 to 2004 … was not a severe impairment." [17]

Mr. Elizalde appealed from the ALJ's unfavorable decision and has moved for summary judgment.[18] The Commissioner responded and filed a cross-motion for summary judgment.[19] Mr. Elizalde replied to the Commissioner's motion.[20]

## ANALYSIS

In *Elizalde I*, this court held that the ALJ had "improperly discredited" Mr. Elizalde's testimony by failing to provide clear and convincing reasons supported by substantial evidence for her finding that Mr. Elizalde's testimony was "not credible." 2015 WL 1927512 at *18. The court

---

[11] AR 378–422.
[12] AR 358–70.
[13] AR 363.
[14] AR 365.
[15] AR 369–70.
[16] AR 366.
[17] AR 364.
[18] Motion for Summary Judgment – ECF No. 1 & 23.
[19] Cross-Motion – ECF No. 24.
[20] Reply – ECF No. 25.

ORDER — No. 16-cv-04208-LB 3

1  then applied the Ninth Circuit's "credit-as-true" rule, which allows the court to credit such
2  testimony as true and remand for an award of benefits if certain conditions are present. *Id.* at *18–
3  19; *see Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (for credit-as-true rule to compel a
4  remand for benefits, it must be true that "(1) the record has been fully developed and further
5  administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide
6  legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion;
7  and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to
8  find the claimant disabled on remand").

In doing so, the court specifically found that remand for an award of benefits was not warranted because there remained an unresolved issue — namely whether Mr. Elizalde's acknowledged use of "crystal meth"[21] during the relevant period was a "contributing factor material to his disability." *Id.* at *18 ("an ALJ must go through the five-step disability analysis and then, if the individual is found to be disabled, determine what impact the drug use may have had on their impairments").[22] On remand, Dr. Akins testified about Mr. Elizalde's "crystal meth" use during the relevant period, stating that he did not think it was "material" and did not appear to have been "the catalyst for the difficulties that he was having, at least with the PTSD."[23] Dr. Akins went on to state that Mr. Elizalde's "PTSD is pretty much directly tied to the carjacking."[24] The ALJ gave "great weight" to Dr. Akin's medical opinion and found that Mr. Elizalde's "sporadic use of methamphetamine during 2002 to 2004 … was not a severe impairment."[25]

---

[21] AR 65.

[22] "A finding of 'disabled' under the [Commissioner's] five-step inquiry does not automatically qualify a claimant for disability benefits." *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001). "[A] claimant cannot receive disability benefits 'if alcoholism or drug addiction would ... be a contributing factor material to the Commissioner's determination that the individual is disabled.'" *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007) (quoting 42 U.S.C. § 423(d)(2)(C)).

[23] AR 409.

[24] AR 410.

[25] The ALJ said that she found Mr. Elizalde's "substance abuse to be nonsevere and *material* to the disability determination." AR 364 (emphasis added). Presumably she meant "immaterial" rather than "material".

ORDER — No. 16-cv-04208-LB        4

Given that the testimony at the hearing on remand and the ALJ's findings resolved this remaining issue identified in *Elizalde I*, the court finds that its previous determination — "under the five-step disability analysis that [Mr. Elizalde] was disabled prior to his date last insured" — controls. *See id.* at *18. Moreover, the court's prior determination is binding under the "law of the case" doctrine, which "generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case," and its related doctrine of "rule of mandate," which is "broader than" the law-of-the-case doctrine and which generally requires the lower court to carry out the "mandate of an appellate court . . . [without] vary[ing] or examin[ing] that mandate for any purpose other than executing it." *See Stacy v. Colvin*, 825 F.3d 563, 566–68 (9th Cir. 2016) (in case of first impression, the Ninth Circuit held "that the law of the case doctrine and the rule of mandate apply to social security administrative remands from federal court in the same way they would apply to any other case").

Accordingly, the court grants Mr. Elizalde's motion for summary judgment and remand for an award of benefits.

## CONCLUSION

Mr. Elizalde's motion for summary judgment is granted, and the Commissioner's cross-motion for summary judgment is denied. The court remands for an award of benefits, consistent with this order.

**IT IS SO ORDERED.**

Dated: April 26, 2017

_____
LAUREL BEELER
United States Magistrate Judge